Ismael **RODRIGUEZ,** Petitioner,

v.

Loretta E. **LYNCH,** Attorney General, Respondent.

No. 12–74137.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2016.

Filed Feb. 19, 2016.

Russell Lee Marshak, Esquire, Senior Litigation Counsel, Popkin Shamir & Golan, Los Angeles, CA, for Petitioner.

Anna Nelson, Oil, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

MEMORANDUM *

An IJ found Ismael Rodriguez removable, ineligible for waiver of inadmissibility, and ineligible for suspension of deporta-

---

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

tion. The Board of Immigration Appeals affirmed, and denied Rodriguez's motion reopen. We dismiss Rodriguez's petition in part for lack of jurisdiction, and deny in part because the Board did not abuse its discretion.

To the extent that Rodriguez's motion relied on errors of law in the Board's May 24, 2012 decision, the Board correctly recharacterized his motion as an untimely motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(B)-(C); *Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir.2003). To the extent that Rodriguez moved to take account of new law and reopen his case sua sponte, we do not have jurisdiction to review the Board's denial. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009). Rodriguez made only legal arguments and did not provide evidence of new facts. "A motion to reopen ... is purely fact-based, seeking to present newly discovered facts or changed circumstances since a petitioner's hearing." *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) (citing 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)). It would be a "useless formality" to remand to the Board. *Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 566 n. 9 (9th Cir.1985) (quotation omitted).

The petition must be denied to the extent that it is a motion to reopen, and dismissed to the extent that it seeks review of the Board's exercise of discretion not to reopen sua sponte.

**PETITION DENIED IN PART, DISMISSED IN PART.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.